IN THE COURT OF COMMON PLEAS
FOR SUMMIT COUNTY, OHIO
GENERAL DIVISION

| | | |
|---|---|---|
| RONALD BAXTER, | ) | CASE NO. CV-2020-07-1880 |
| | ) | |
| *Plaintiff*, | ) | JUDGE KATHRYN MICHAEL |
| | ) | |
| v. | ) | **PLAINTIFF RONALD BAXTER'S** |
| | ) | **RESPONSES TO FIRST REQUESTS** |
| FRANK BAXTER, *et al.*, | ) | **FOR ADMISSION OF DEFENDANT** |
| | ) | **FRANK BAXTER** |
| *Defendants and Counterclaim* | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RONALD BAXTER, *et al.*, | ) | |
| | ) | |
| *Counterclaim Defendants*. | ) | |

Now comes Plaintiff Ronald Baxter, by and through undersigned counsel, and hereby submits the following responses and objections to Defendant Frank Baxter's First Requests for Admissions.

**PRELIMINARY STATEMENT & GENERAL OBJECTIONS**

1. The information supplied in these Responses is not based solely upon the knowledge of the executing party, but includes some information assembled by and/or within the knowledge of the party's authorized agents, representatives, and, unless privileged, attorneys.

2. The word usage and sentence structure is that of the attorneys who prepared these Responses and does not purport to be the exact language of the executing party.

3. Plaintiff responds to Defendant's requests subject to and without intending to waive and expressly preserving any objections to the competency, relevancy, materiality, privilege, and admissibility of any of the responses, and the right to object to other discovery requests involved or relating to the subject matter of Defendant's discovery responded to herein.

EXHIBIT L

1

4. These responses are made for the sole purpose of, and in relation to, this action. Each answer is given subject to every appropriate objection that would require exclusion at trial of any statement contained or document provided herein. All such objections and the grounds therefore are hereby reserved.

5. Plaintiff has yet to complete his investigation of the facts relating to the action, has not completed all his discovery in this action, and has yet to complete his trial preparation. As a result, his responses are limited necessarily in their nature and reflect only the information Plaintiff knows at this time.

6. Plaintiff generally objects to Defendant's discovery to the extent it seeks information protected from discovery by attorney-work product or privilege, information gathered or prepared in anticipation of litigation, or information that is otherwise immune or protected from discovery.

7. Plaintiff generally objects to Defendant's discovery to the extent it is vague, uncertain, amorphous, and indefinite.

8. Plaintiff generally objects to Defendant's discovery to the extent it is improperly broad in scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Where applicable, Plaintiff will provide the appropriate responses to Defendant's discovery.

9. Plaintiff generally objects to Defendant's discovery to the extent it seeks information that constitutes or discloses confidential or proprietary information or research.

10. Plaintiff generally objects to Defendant's discovery to the extent it seeks information and/or documents that are not in Plaintiff's possession.

11. Plaintiff expressly reserves the right to amend or supplement his responses to Defendant's discovery requests and/or to assert additional objections as warranted under the Ohio Rules of Civil Procedure.

12. Except for those facts expressly admitted herein, no admission of any nature is to be implied or inferred from Plaintiff's responses. The fact that any discovery request herein has been responded to should not be taken as an admission or a concession of the existence of any facts set forth or assumed by such interrogatory, or that such response constitutes evidence of any fact thus set forth or assumed.

13. Plaintiff generally objects to providing any information or documents which are in the public domain and equally available and accessible to Defendant as they are to Plaintiff.

14. Plaintiff preserves the right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceedings of this action (including the trial of this action) and in any other action.

15. Plaintiff's responses are made subject to these objections and in accordance with these objections. Failure to specifically mention each objection in each response does not constitute a waiver of any objection, and all are considered and incorporated in each response by reference.

16. Subject to the aforementioned general objections and any specific objection herein noted, Plaintiff will respond to Defendant's discovery requests as reasonably interpreted.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that ASAV was incorporated on December 16, 2011.

**ANSWER: Admit.**

**REQUEST FOR ADMISSION NO. 2:** Admit that the Domestic Articles of Incorporation of ASAV attached hereto as **Exhibit A** are genuine and authentic.

**ANSWER: Admit.**

**REQUEST FOR ADMISSION NO. 3:** Admit that, as stated on the Domestic Articles of Incorporate attached hereto as **Exhibit A**, you were named as one of ASAV's initial directors when ASAV was incorporated on December 16, 2011.

**ANSWER: Admit that Exhibit A has Plaintiff's name in section 5.**

**REQUEST FOR ADMISSION NO. 4:** Admit that you have never resigned as a director of ASAV.

**ANSWER: Objection. This request seeks information not established in the record at this point in time.  Accordingly, Plaintiff cannot answer this question as it outside the scope of his current knowledge and is seeking information from Defendants to help assist in answering this request.**

**REQUEST FOR ADMISSION NO. 5:** Admit that you are a shareholder of ASAV.

**ANSWER: Admit.**

**REQUEST FOR ADMISSION NO. 6:** Admit that the Employment Agreement attached hereto as **Exhibit B** is genuine and authentic.

**ANSWER: Deny.**

**REQUEST FOR ADMISSION NO. 7:** Admit that you signed the Employment Agreement attached hereto as **Exhibit B** on or about December 14, 2011.

**ANSWER: Deny.**

**REQUEST FOR ADMISSION NO. 8:** Admit that in or about 2019, you commenced employment with Zenith.

**ANSWER: Admit.**

**REQUEST FOR ADMISSION NO. 9:** Admit that you are presently employed by Zenith.

**ANSWER: Admit.**

**REQUEST FOR ADMISSION NO. 10:** Admit that Zenith is in the business of selling, engineering, designing, installing, servicing, maintaining and/or monitoring of electronic systems, including but not limited to security systems, fire alarms, and audio-video integration systems.

**ANSWER: Plaintiff admits that in his opinion Zenith is a team of dedicated professionals that have extensive capabilities and experience in the delivery of electrical, technology, audio/video, engineering, security, life safety, voice and data networking, and energy management systems and solutions.**

**REQUEST FOR ADMISSION NO. 11:** Admit that ASAV has never consented to your employment with Zenith.

**ANSWER: Deny.**

**REQUEST FOR ADMISSION NO. 12:** Admit that you never sought ASAV's consent to your employment with Zenith.

**ANSWER: Deny.**

**REQUEST FOR ADMISSION NO. 13:** Admit that you have never communicated with ASAV or Frank about your employment with Zenith.

**ANSWER:  Admit as to Frank and Deny as to ASAV.**

**REQUEST FOR ADMISSION NO. 14:** Admit that on or about May 29, 2019, you turned in your keys to Securicom's office, ASAV's office and the BPM properties for which you had keys.

**ANSWER: Admit that Plaintiff threw his keys down on a table in frustration with Frank.**

**REQUEST FOR ADMISSION NO. 15:** Admit that as of May 29, 2019, your employment with ASAV and Securicom had terminated.

**ANSWER: Deny.**

**REQUEST FOR ADMISSION NO. 16:** Admit that the September 11, 2019 email chain attached hereto as **Exhibit C** is genuine and authentic.

**ANSWER: Admit.**

**REQUEST FOR ADMISSION NO. 17:** Admit that the September 11, 2019 6:24 a.m. email from Frank to you incorporated in **Exhibit C**, Frank sent you a Dropbox link to ASAV financial statements.

**ANSWER: Plaintiff admits the email referenced in this request contains a Dropbox link.**

**REQUEST FOR ADMISSION NO. 18:** Admit that in the September 11, 2019 7:55 p.m. email from you to Frank incorporated in **Exhibit C**, you stated "Got it."

**ANSWER: Plaintiff admits to receiving the September 11, 2019, 6:24 a.m. email from Defendant.**

**REQUEST FOR ADMISSION NO. 19:** Admit that as of September 11, 2019, you had received all financial statements that you had requested from ASAV.

**ANSWER: Deny.**

**REQUEST FOR ADMISSION NO. 20:** Admit that as of September 11, 2019, you had not informed Frank of your actual or prospective employment with Zenith.

**ANSWER:  Admit.**

**REQUEST FOR ADMISSION NO. 21:** Admit that CSI was incorporated on June 13, 2019.

**ANSWER: Deny as CSI is not a corporation.**

**REQUEST FOR ADMISSION NO. 22:** Admit that CSI was incorporated to engage in the business of "SECURITY, FIRE, CCTV, AUDIO, VIDEO, DATA."

**ANSWER: Admit that the quoted language appears on records held by the Ohio Secretary of State.**

**REQUEST FOR ADMISSION NO. 23:** Admit that as of September 11, 2019, you had not informed Frank that you and/or your wife Andrea had incorporated CSI.

**ANSWER: Deny as CSI is not a corporation.**

**REQUEST FOR ADMISSION NO. 24:** Admit that you have participated in the incorporation and/or operation of CSI.

**ANSWER: Deny as CSI is not a corporation.**

**REQUEST FOR ADMISSION NO. 25:** Admit you have previously identified CSI as your employer with the Ohio State Fire Marshal.

**ANSWER: Deny.**

**REQUEST FOR ADMISSION NO. 26:** Admit that you exchanged text messages with Greg Geis on March 19, 2019.

**ANSWER: Plaintiff admits that it is possible that text messages were exchanged but Plaintiff does not know the specific date(s).**

**REQUEST FOR ADMISSION NO. 27:** Admit you have deleted the text messages between you and Greg Geis dated March 19, 2019.

**ANSWER: Plaintiff can neither admit nor deny because Plaintiff has not accessed the phone he had at the time because it is in the van owned by Securicom, and Plaintiff cannot recall if he has deleted them or not.**

**REQUEST FOR ADMISSION NO. 28:** Admit that you directed ASAV's controller to issue you a $10,000 distribution check on or about April 15, 2019.

**ANSWER: Admit that Plaintiff requested a distribution in an amount he believed was equal to the distributions Defendant had received.**

**REQUEST FOR ADMISSION NO. 29:** Admit that ASAV had not previously approved the distribution referenced in the preceding request for admission.

**ANSWER: Deny as it Plaintiff's belief that this request was based on equalization of distributions that are required per statute, and because the Controller asked Plaintiff if Plaintiff wanted her to categorize his distribution as a legal expense as Frank had done in the past.**

**REQUEST FOR ADMISSION NO. 30:** Admit that you currently possess a van that is the property of Securicom.

**ANSWER: Admit that the van currently sits in Plaintiff's driveway waiting for Securicom to pick it up.**

**REQUEST FOR ADMISSION NO. 31:** Admit that ASAV has previously requested that you return the van referenced in the preceding interrogatory.

**ANSWER: Admit.**

**REQUEST FOR ADMISSION NO. 32:** Admit you have not returned your ASAV and/or Securicom company-issued cell phone.

**ANSWER: Admit that the cell phone is in the van waiting for ASAV and/or Securicom to claim it.**

**REQUEST FOR ADMISSION NO. 33:**
Admit you have not returned your ASAV and/or Securicom company-issued computer.

**ANSWER: Admit that the computer is in the van waiting for ASAV and/or Securicom to claim it.**

**REQUEST FOR ADMISSION NO. 34:** Admit you have withheld company tools, inventory and network equipment from ASAV and Securicom.

**ANSWER: Deny.**

**REQUEST FOR ADMISSION NO. 35:** Admit you have performed and/or furnished services for current and/or former ASAV and/or Securicom clients since May 29, 2019.

**ANSWER: Objection. The term "services" is ambiguous. Subject to and without waiving said objection, Plaintiff denies.**

**REQUEST FOR ADMISSION NO. 36:** Admit you have performed and/or furnished services for Greg Geis since May 29, 2019.

**ANSWER: Objection. The term "services" is ambiguous. Subject to and without waiving said objection, Plaintiff denies.**

**REQUEST FOR ADMISSION NO. 37:** Admit you have disclosed emails from Frank Baxter to Dan Cohn.

**ANSWER: Deny.**

**REQUEST FOR ADMISSION NO. 38:** Admit you have previously identified CSI as your "employer" on your State of Ohio fire marshal license.

**ANSWER: Deny.**

**REQUEST FOR ADMISSION NO. 39:** Admit you have breached your fiduciary duties to ASAV.

**ANSWER: Deny.**

**REQUEST FOR ADMISSION NO. 40:** Admit you have breached the Employment Agreement attached hereto as **Exhibit B**.

**ANSWER: Deny.**

**REQUEST FOR ADMISSION NO. 41:** Admit that you have disclosed ASAV's confidential and/or trade secret information to Zenith.

**ANSWER: Deny.**

**REQUEST FOR ADMISSION NO. 42:**
Admit that you have disclosed ASAV's confidential and/or trade secret information to CSI.

**ANSWER: Deny.**

8

**REQUEST FOR ADMISSION NO. 43:** Admit that on or after December 13, 2019, you received and/or had knowledge of the correspondence from Attorney Ronald S. Kopp attached hereto as **Exhibit D**.

**ANSWER: Objection.  This correspondence was sent to Plaintiff's then legal counsel.  Any response to this request would require the disclosure of privileged information between Plaintiff and Plaintiff's then legal counsel.**

**REQUEST FOR ADMISSION NO. 44:** Admit that on or after December 13, 2019, you and/or Andrea transferred money and/or property into one or more trusts.

**ANSWER: Objection.  The term "property" is ambiguous.  Subject to and without waiving said objection, Plaintiff denies transferring money into one or more trust accounts.**

**AS TO ALL OBJECTIONS:**
/s/ Matthew Abens

                                               Respectfully submitted,

                                               /s/ Matthew Abens
                                               DAVID L. HARVEY III (0080918)
                                               MATTHEW B. ABENS (0075308)
                                               Harvey + Abens Co., LPA
                                               19250 Bagley Rd., Suite 102
                                               Phone: (216) 651-0256
                                               Fax:     (833) 273-0003
                                               dvdharv@harvlaw.com
                                               mbabens@harvlaw.com

                                               *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify a copy of the foregoing was served via electronic mail this 30th day of October, 2020, upon the following:

Christopher B. Congeni (cbcongeni@bmdllc.com)
Daniel J. Rudary (djrudary@bmdllc.com)
    *Counsel for Defendants and Counterclaim Plaintiffs Frank Baxter,*
    *American Security & Audio Video Systems, Inc., and*
    *Baxter Property Management, LLC,*
    *and for Counterclaim Plaintiff American-Securicom, Inc.*

John W. Becker (JBecker@harpstbecker.com)
Christine M. Garritano (CGarritano@harpstbecker.com)
    *Counsel for Counterclaim Defendant Zenith Systems, LLC*

                                          /s/ Matthew Abens
                                          One of the attorneys for Plaintiff