

**LISTEN. SOLVE. EMPOWER.**
P: 330.253.5060   F: 330.253.1977   W: bmdllc.com
75 East Market Street, Akron, Ohio 44308

**Daniel J. Rudary, Esquire**
Partner
**D**: (330) 374-7477
**F**: (330) 374-7478
**E**: djrudary@bmdllc.com

November 13, 2020

**VIA ELECTRONIC MAIL**

David Harvey, Esq.
Matthew Abens, Esq.
Harvey + Abens Co., LPA
19250 Bagley Rd., Ste. 102
dvdharv@harvlaw.com
mbabens@harvlaw.com

Re:   *Baxter v. Baxter, et al.*
      Summit County Court of Common Pleas Case No. CV-2020-07-1880

Dear Counsel:

This afternoon we received documents produced by Ronald Baxter marked 0000064-0000337. Although we have not yet completed our review of these documents in conjunction with your client's written responses to Frank Baxter's First Requests for Production, we are writing at this point in time to address two matters that require immediate attention.

First, it appears that many of the documents you produced today include ASAV's confidential, proprietary, and trade secret business and financial information. Specifically, documents including but not limited to 0000064, 0000065-0000067, 0000071-0000084, 0000085-0000146, 0000151-00000169, and 0000170-0000235 contain ASAV and Securicom client names, vendor names, business valuations, pricing information, and balance sheets, among other highly confidential data. Shockingly, these documents were produced to counsel for all parties (including ASAV competitor Zenith Systems, LLC) *without* being designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

These materials are ASAV's and Securicom's trade secrets and must be protected. To that end, we demand that <u>all parties</u> who have received the aforementioned documents produced by Ronald Baxter take prompt action to permanently delete them, without disclosing the documents or their contents to any other person(s). To the extent Ronald Baxter believes the aforementioned documents are responsive to ASAV's First Requests for Production, they should be re-produced only after being redacted to remove any reference to ASAV and Securicom client names, vendor names, business valuations, financial balances, and pricing information, with the documents themselves clearly marked as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."



EXHIBIT M

**We would ask that counsel for all parties respond to this correspondence by close of business on Wednesday, November 18, 2020 to affirmatively certify that they (1) have deleted the documents produced earlier today by Ronald Baxter, subject to those documents being re-produced in redacted form subject to the Court's Stipulated Protective Order, and (2) have not disclosed these documents to anyone**. Needless to say, our clients take this matter extremely seriously, and are prepared to protect ASAV's trade secrets from further misappropriation. Among other things, our clients are prepared to amend and supplement their Counterclaim to address today's events, which undoubtedly constitute the unauthorized disclosure of ASAV and Securicom trade secrets in violation of R.C. 1333.61, et seq., Ronald Baxter's fiduciary duties to ASAV and Securicom, and Ronald Baxter's contractual duties to ASAV and its subsidiaries under his December 14, 2011 Employment Agreement and his September 5, 2019 Confidentiality Agreement.

Next, I would like to address the Securicom Van. Per the instructions in your November 12 correspondence, ASAV employees went to pick up the van this morning. Unfortunately, they discovered that the ignition key had been left in the "on" position by your client, and the battery was dead. This required ASAV employees to return with jumper cables in order to re-start the engine and retrieve the vehicle.

Once the van was successfully retrieved, ASAV discovered that the ASAV/Securicom cell phone and computer left in the van by your client had been wiped clean of all data. We are analyzing this situation further, but based on what we currently know it appears that your client has taken action to prevent our clients from retrieving any information from these devices, including information relevant to the parties' claims and defenses in this litigation. As such, please be advised that we intend to amend our Counterclaim to add claims against Ronald Baxter and anyone acting in concert with him for the intentional spoliation of evidence. We likewise reserve the right to seek additional sanctions from the Court, including but not limited to an adverse inference jury instruction.

Finally, we reserve the right to seek supplementation of the discovery responses received today pending further review.

Sincerely,

Daniel J. Rudary

cc:   Christopher B. Congeni, Esq. (cbcongeni@bmdllc.com)
      John Becker, Esq. (jbecker@harpstbecker.com)
      Christine Garritano, Esq. (cgarritano@harpstbecker.com)

4810-5535-6626, v. 1