UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN SECURITIES & AUDIO VIDEO SYSTEMS, INC., | ) ) ) | CASE NO. 5:21-cv-1416 |
| Plaintiff, | ) ) ) | JUDGE BRIDGET M. BRENNAN |
| v. | ) ) | |
| RONALD BAXTER et al., | ) ) ) | **OPINION AND ORDER** [Resolving ECF No. 34] |
| Defendants. | ) | |

Pending before this Court is Defendant Ronald Baxter's Motion to Dismiss for failure to timely perfect service, as Plaintiffs American Security & Audio Systems, Inc ("ASAV") and its subsidiary American Securicom, Inc. ("Securicom") (collectively "Plaintiffs") did not comply with Rule 4(m)'s requirement to perfect service within 90 days of filing their complaint. (ECF No. 34.) For the reasons that follow, the motion is denied.

## I. Background

This matter arises from a larger business dispute between brothers Frank and Ronald Baxter, who jointly owned and operated ASAV and various subsidiaries that supplied and maintained integrated electronic security systems for consumer and commercial clients. Generally, F. Baxter alleges that R. Baxter left the business to work for a competitor, violating provisions in his employment contract and confidentiality agreement. R. Baxter seeks damages and the eventual dissolution of the entities due to F. Baxter's alleged mismanagement of the company and F. Baxter's refusal to grant R. Baxter the rights afforded to him as a shareholder.

On June 30, 2020, R. Baxter filed a Verified Complaint in the Summit County Common Pleas, Case No. CV-2020-07-1880 ("The Summit County Case"), against F. Baxter, ASAV, and another ASAV subsidiary. On July 21, 2021, after submitting an answer and filing various counterclaims, ASAV and its subsidiary, Securicom, initiated this federal case against R. Baxter. In light of the pending Summit County Case, the Court ordered the parties to brief the application of the *Colorado River* abstention doctrine. After this briefing was complete, the Summit County Case was removed to federal court on October 13, 2021, and consolidated with this case in January of 2022. (ECF No. 23.)

On February 21, 2022, R. Baxter moved to dismiss the complaint for failure to comply with the 90-day service deadline set forth in Rule 4 of the Federal Rules of Civil Procedure. R. Baxter attached to the motion an email from Plaintiffs' counsel to R. Baxter's attorney inquiring as to whether R. Baxter's attorney could accept service of the complaint. (ECF No. 34-1.) The email predates the filing of the complaint. It is undisputed that R. Baxter's attorney never conveyed to Plaintiffs' counsel that such service was authorized. It is also undisputed that service was not perfected until March 4, 2021. (ECF No. 41.)

Before filing the motion to dismiss, R. Baxter's participation in this litigation was as follows:

- July 23, 2021: Attorney appearance in status conference. (ECF No. 9.)
- July 23, 2021: Filing of a motion to strike Plaintiffs' compliance with Rule 65(b)(1)(B). (ECF No. 10.)
- August 3, 2021: Filing of a motion to stay proceeding, given the status of the Summit County Case. (ECF No. 13.)

2

- February 11, 2022: Filing of a response in opposition to Plaintiffs' motion for an *ex parte* temporary restraining order and preliminary injunction ("Preliminary Injunction Response").  (ECF No. 28.)

## II.  Analysis

R. Baxter contends that Plaintiffs' failure to perfect service within Rule 4(m)'s specified 90 days entitles him to dismissal under Rule 12(b)(2)[1] for lack of personal jurisdiction and Rule 12(b)(5) for insufficient service of process.  In opposition, Plaintiffs assert that R. Baxter waived any objection to this Court's exercise of jurisdiction over him because he actively participated in this litigation.  Alternatively, Plaintiffs request an extension of the timeline to perfect service.

Consistent with established case law, this Court evaluates these arguments in three parts.  First, whether R. Baxter's participation in this litigation constituted a waiver of any possible jurisdiction defenses.  Second, assuming R. Baxter did not waive the defense, whether Plaintiffs showed good cause for their failure to timely perfect service.  Third, even if Plaintiffs did not establish good cause, whether the discretionary powers granted to the Court by Rule 4(m) warrant extending the period in which to perfect service.

### A.  Waiver

A motion to dismiss for failure to perfect service requires this Court to analyze whether a defendant waived the personal jurisdiction defense because "without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant."  *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012).  "And in the absence of personal

---

[1] R. Baxter brings this motion to dismiss for lack of personal jurisdiction because courts do not have personal jurisdiction over defendants who are improperly served.  *See* discussion *infra* II.A.  Had he been timely served, R. Baxter would be unable to otherwise contest this Court's personal jurisdiction because, according to his own his pleadings, he is a resident of Ohio and the conduct at issue occurred in Ohio.  (5-21-cv-02230 ECF No. 1-1 at 1.)

3

jurisdiction, a federal court is 'powerless to proceed to an adjudication.'" *Id.* (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)).  It is undisputed that Plaintiffs failed to timely perfect service.  This Court, therefore, must determine whether R. Baxter waived (or forfeited)[2] the jurisdiction defense he now asserts.

To determine whether a defendant waived a jurisdiction defense, the Sixth Circuit has determined that courts are to "consider all of the relevant circumstances, which requires asking whether the defendant's conduct has given the court and the plaintiff a reasonable expectation that the defendant intends to defend the suit on the merits." *Blessing v. Chandrasekhar*, 988 F.3d 889, 895 (6th Cir. 2021) (quotations omitted).  However, as the Sixth Circuit has noted, "it is relatively easier to find forfeiture of a service defense, as opposed to a personal-jurisdiction defense."  *Boulger v. Woods*, 917 F.3d 471, 477 (6th Cir. 2019) (citing *King*, 694 F.3d at 659).

The Sixth Circuit in *Boulger* was confronted with similar facts and determined that a defendant waived his ability to bring a Rule 12(b)(5) motion for improper service of process.  *Id.* at 478.  In *Boulger*, the defendant filed a motion to dismiss for failure to timely perfect service after previously filing a motion for judgment on the pleadings.  *Id.* at 475.  The *Boulger* court determined that the defendant's filing of the motion constituted a waiver by conduct because it "demonstrate[d] that he sought to have the district court use its power over the parties to reach a decision on the merits, and required the court to expend significant effort in doing so." *Id.* at 477.  The court held that this single filing was enough the meet the waiver standard – especially

---

[2] Although waiver and forfeiture are technically distinct concepts, this opinion and the cases cited throughout this memo use these terms interchangeably. *United States v. Olano*, 507 U.S. 725, 733 (1993) ("Waiver is different from forfeiture.  Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right."); *see also Gerber v. Riordan*, 649 F.3d 514, 522 n. 1 (6th Cir. 2011) ("Along with the Second Circuit, I believe that the term 'forfeiture' is a more accurate description of a defendant's loss of the right to challenge personal jurisdiction, but I will use the term 'waiver' in the remainder of this opinion, consistent with our circuit's established practice.") (Moore J., concurring).

4

given that the plaintiff's motion only sought to dismiss for reasons related to improper service.[3] *See id.*

R. Baxter is correct to note that his first three appearances likely do not constitute such a waiver. (ECF No. 43 at 2.) First, they occurred before Plaintiffs' deadline to perfect service. Second, the first two appearances were about the issuance of a temporary restraining order, which courts can grant before service is perfected. Fed. R. Civ. P. 65(b)(1). Third, the August 3, 2021 filing was in response to this Court's expedited briefing schedule on whether it had to abstain from hearing the case due to the pending Summit County Case. (ECF No. 22.) In short, these appearances did not give Plaintiffs "a reasonable expectation that the defendant intend[ed] to defend the suit on the merits." *Blessing*, 988 F.3d at 895.

But, like how the *Boulger* defendant's motion for judgment on the pleadings led to a waiver of his jurisdiction defense, R. Baxter's Preliminary Injunction Response – filed ten days before this motion – amounts to a waiver of his right to assert such a defense. *See Bougler*, 917 F.3d at 477. R. Baxter had sufficient time to seek a dismissal on these grounds prior to submitting the Preliminary Injunction Response. Indeed, the response was filed more than three weeks after this Court's order announcing that it would not abstain from hearing this case and nearly four months after the 90-day service window had passed. (ECF. Nos. 1, 22); *see Blessing*, 988 F.3d at 901 (surveying Sixth Circuit caselaw and noting time between appearances and filing

---

[3] In deciding to deny the motion, the *Boulger* district court highlighted that the plaintiff did not argue that the court did not have actual personal jurisdiction over him had he been properly served. *Boulger v. Woods*, 306 F. Supp. 3d 985, 997 (S.D. Ohio 2018) ("[Plaintiff] has not substantively challenged this Court's jurisdiction over his person . . . [h]is challenge to personal jurisdiction is therefore not of a constitutional dimension and may be waived more easily." (quotations omitted)). The same is true here because R. Baxter could not make such an argument; he is "at home" in Ohio and subject to general jurisdiction in Ohio. (5-21-cv-02230 ECF No. 1-1 at 1.)

5

motion to dismiss was relevant for determining whether the defendant waived its jurisdiction defense).

Further, the Preliminary Injunction Response, like the substantive nature of the *Boulger* defendant's motion for judgment on the pleadings, seeks a decision on the merits.  *See Boulger*, 917 F.3d at 477.  In the 20-page brief, R. Baxter addresses the merits of each of Plaintiffs' allegations, but never once asserts that this Court cannot rule on them due to its lack of jurisdiction.  (ECF No. 28-3.)  This responsive filing is "inconsistent with the idea that the district court lack[s] personal jurisdiction over the defendant" and created a "reasonable expectation that [R. Baxter] would defend the suit on the merits."  *Boulger*, 917 F.3d. at 477-78; *see also Marquest Med. Prod., Inc. v. EMDE Corp.*, 496 F. Supp. 1242, 245-246 (D. Colo. 1980) (holding that responding to a request for a preliminary injunction is a "defensive action" because it requires the defendant to rebut the plaintiff's contention that she is facing an irrepealable injury and is also likely to succeed on the merits).

In the end, R. Baxter waived his ability to contest jurisdiction under the Sixth Circuit's waiver standard by filing the Preliminary Injunction Response before this motion and long after the untimely service defense became available.

### B.  Rule 4(m)

While the Court finds that R. Baxter waived the ability to seek a dismissal for failure of service, the Court will also address Plaintiffs' alternative argument that the service deadline be extended.  Under Rule 4(m), the plaintiff must show good cause for their failure to perfect service within the 90-day deadline.  Fed. R. Civ. P 4(m).  If good cause is shown, the Court is required to extend the service of process deadline.  *Id.*  If the plaintiff fails to show good cause,

6

the Rule gives the court discretion to either (1) dismiss the action without prejudice or (2) direct that service be perfected within a specified time. *Id.*; *see Warrior Imports, Inc. v. 2 Crave*, 317 F.R.D. 66, 70 (N.D. Ohio 2016) ("In the absence of a showing of good cause, the plain language of the rules gives the Court the discretion to extend the time for service as an alternative to dismissal, but does not require the Court to do so.").

### i. Good Cause

"Establishing good cause is the responsibility of the party opposing the motion to dismiss, and necessitates a demonstration of why service was not made within the time constraints of the Rule." *See Warrior Imports*, 317 F.R.D. at 69 (cleaned up). "Rule 4(m) does not define 'good cause,' but the Sixth Circuit has repeatably recognized that extraordinary circumstances may warrant a finding of 'good cause' such that untimely service may be excused." *Id.* (citing *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). Here, Plaintiffs' motion is silent as to the reasons why they failed to timely perfect service. Accordingly, Plaintiffs have not demonstrated good cause. Notwithstanding, the Court may use its discretion to extend the service of process deadline.

### ii. Discretionary Factors

In determining whether to use its discretionary authority to extend the service of process deadline, courts consider:

> (1) whether a significant extension of time was required; (2) whether an extension of time would prejudice the defendant other than the inherent 'prejudice' in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff[;] and (5) whether the plaintiff had made any good faith efforts at effecting proper service of process.

*Warrior Imports*, 317 F.R.D. at 70.

### 1. Whether a significant extension was required

Plaintiffs were required to perfect service on October 21, 2021, but failed to do so until March 4, 2022.  Therefore, Plaintiffs seek an extension of the service deadline by a little over four months.  Such an extension is significant – weighing against granting the extension – but not beyond what may be permissible.  *See Caimona v. Ohio Civ. Serv. Emps. Ass'n*, No. 4:18CV785, 2018 WL 6386023, at *6 (N.D. Ohio Dec. 6, 2018) (granting extension of service of process under the Rule 4(m) discretionary analysis, regardless of "[a]n extension of over four months [being] required").

### 2. Whether an extension would prejudice Defendants

R. Baxter has not asserted that an extension of time in which to perfect service will cause him prejudice, the absence of which weighs in favor of granting an extension.

### 3. Whether Defendants had actual notice

The email attached to his motion shows that R. Baxter's attorney was made aware of this lawsuit.  And, although he never agreed to accept service of process, the attorney responded to the email and then actively participated in the litigation on R. Baxter's behalf.  (ECF No. 34-1.) R. Baxter, moreover, understood the nature of Plaintiffs' claims and arguments enough to rebut them in his Preliminary Injunction Response.  This factor also weighs in favor of granting an extension.

### 4. Whether a dismissal would substantially prejudice Plaintiff

Beyond arguing that dismissal without prejudice would be a waste time and resources, Plaintiffs have not argued why dismissal would substantially prejudice them.  Therefore, this factor weighs against granting an extension.  *See Warrior Imports*, 317 F.R.D. at 71 (noting that

"it was incumbent upon plaintiff to fully brief and develop the [prejudice] argument for the Court's consideration").

### 5. Whether Plaintiff made any good faith efforts at proper service

Aside from the email sent the day before filing, the Plaintiffs did not attempt to perfect service until after this motion was filed. This factor weighs against granting an extension.

### 6. Weighing the factors

The Sixth Circuit has expressed a "preference to resolve cases on the merits" in deciding whether to dismiss cases for procedural deficiencies. *Caimona*, 2018 WL 6386023, at *7; *see, e.g., Buck v. U.S. Dep't of Agric., Farmers Home Admin.*, 960 F.2d 603, 607 (6th Cir. 1992); *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002). Further, Rule 4(m) should be read in conjunction with Rule 1's command that the Federal Rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Although three of the five factors weigh against the requested extension, the two that weigh in favor of the extension are significant enough for this Court to conclude that an extension would be warranted. *See id.* (granting an extension for service of process because two of the five factors weighed in favor of granting extension).

R. Baxter has now been served. Dismissing the complaint without prejudice would simply delay these proceedings – a delay that would potentially have a prejudicial effect on other named parties when neither party to the present motion to dismiss would be prejudiced by maintaining the status quo. Rule 4(m) grants courts the discretion to permit extensions to avoid such a scenario and the Court finds that, in addition to R. Baxter's waiver of the right to move for a

9

dismissal for Plaintiffs' failure to perfect timely service, the facts and circumstances in this matter warrant an extension of time until March 5, 2022 in which to perfect service.

### III.  Conclusion

For the foregoing reasons, R. Baxter's motion to dismiss Plaintiffs' complaint is denied.  The Court finds that R. Baxter's responsive document seeking an adjudication on the merits resulted in a waiver of his right to challenge insufficiency of process.  Additionally, this Court hereby extends the deadline for Plaintiffs to perfect service of process to March 5, 2022.  By perfecting service on March 4, 2022, Plaintiffs have complied with this extended deadline.

**IT IS SO ORDERED.**

Date: 4/7/2022

s/ *Bridget M. Brennan*
BRIDGET M. BRENNAN
U.S. DISTRICT JUDGE