# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **American Securities & Audio Video Systems, Inc., et al.** | ) ) ) | **CASE NOS.:  5:21-CV-01416** <br>             **5:21-CV-02230** |
| Plaintiffs, | ) ) | **Judge Bridget Meehan Brennan** |
| v. | ) ) | **RONALD BAXTER'S MOTION TO** |
| | ) | **TO DISMISS CLAIMS IN CASE** |
| **Ronald Baxter, et al.,** | ) ) | **NO. 5:21-CV-02230 PURSUANT TO** <br> **RULE 41** |
| Defendants. | ) ) | |

Ronald Baxter, by and through undersigned counsel, hereby moves the Court pursuant to Rule 41 for an order of dismissal without prejudice on his state law claims contained in his complaint in consolidated case number 5:21-CV-02230. This was an issue the Court itself raised at the November 30, 2022, status conference. Furthermore, Ron also asks the Court to dismiss with prejudice his sole federal claim, which is based on 18 U.S.C. §2701.

With respect to the first part of Ron's motion, a dismissal of Ron's state law claims is the exact relief Defendants in the consolidated case have asked for in their motion for summary judgment. *See* Doc #86. Specifically, Defendants move for dismissal without prejudice of Ron's state law claims on PageID #1737, 1744, 1752, and 1753.

The reason Ron now seeks a dismissal without prejudice of those claims is twofold. The first reason is so he can reassert his claims in state court as soon as practicable. If Ron was to wait until the summary judgment briefing was completed and for the Court's ruling on that motion, it could be several weeks before the Court renders its opinion and ruling.

However, as the Court noted at the November 30 conference, the Court could still have to stay some of Ron's state claims while Ron proceeded with his applications to dissolve BPM and

ASAV (and any other state claims related thereto), if Ron successfully defended his federal claim under 18 U.S.C. §2701. This would result only in piecemeal litigation and further delay of a final disposition, which Ron hopes to avoid via the instant motion.

The second reason why Ron now asks for a dismissal without prejudice of his state law claims is because the parties, up until recently, were engaged in mediation efforts. Further to this point, although the parties' second mediation session ended on February 2, 2023, undersigned counsel had continued to reach out to opposing counsel to follow up on settlement talks but those overtures were not responded to. Defendants broke their silence when they moved for summary judgment on February 22 (almost six weeks before the dispositive motion deadline), at which time Ron came to the conclusion that Defendants had no further interest in trying to negotiate a resolution at this juncture.

Although Defendants may oppose dismissing Counts XIV and XVI without prejudice, Defendants accurately cite the "clear rule of [the Sixth Circuit] that if a plaintiff has not stated a federal claim, his pendant state law claims should be dismissed." See Doc# 86 at PageID #1752, quoting *Washington v. Starke*, 855 F.2d 346, 351 (6th Cir. 1988).

This rule remains the law of the Sixth Circuit. Indeed, a fellow court in the Northern District of Ohio recently dismissed a plaintiff's sole federal claim pursuant to the defendants' motion to dismiss under Rules 12(b)(4)-(6). See, *Barich v. City of Euclid*, N.D. Ohio No. 1:22-CV-365, 2023 WL 1995285, at *1 (February 14, 2023). That motion, which the plaintiff did not oppose, sought dismissal with prejudice of both the federal claim and the state claims for failure to state a claim for relief. *Id*. Even though the motion was unopposed, the *Barich* court only dismissed with prejudice the federal claim while dismissing without prejudice the remaining state law claims, despite the unopposed motion seeking dismissal with prejudice of all claims.

Considering the Court's prior ruling on Ron's application to dissolve BPM; the Court's remarks at the November 30 status conference; and Defendants' own motion, the Court should now grant Ron's motion and dismiss without prejudice the state law claims set forth in his complaint filed in consolidated case number 5:21-cv-02230.

As for Ron's federal claim, Ron asks the Court to dismiss that claim with prejudice. Again, the reasons why Ron asks for such a dismissal at this juncture was proffered above – because he thought the parties were still trying to negotiate in good faith; to avoid piecemeal litigation; and to allow Ron to reassert his state law claims as soon as possible. It is axiomatic that in dismissing the claim with prejudice, Ron will not be able to reassert the federal claim against Defendants in the eventual re-filed state court suit.

For the foregoing reasons, Ron asks the Court to find his motion well taken, grant it for good cause shown, and pursuant to Rule 41 (1) dismiss without prejudice his state law claims and (2) dismiss with prejudice his sole federal claim.

                                                      Respectfully submitted,

/s/ Matthew Abens
DAVID L. HARVEY III (0080918)
MATTHEW B. ABENS (0075308)
Harvey + Abens Co., LPA
19250 Bagley Rd., Suite 102
Middleburg Hts., OH 44130
Phone: (216)651-0256
Fax: (833)273-0003
dvdharv@harvlaw.com
mbabens@harvlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ Matthew Abens
One of the attorneys for Ronald Baxter